# COMMONWEALTH OF VIRGINIA



## DINWIDDIE CIRCUIT COURT
Civil Division
14008 BOYDTON PLANK RD P. O. BOX 63
DINWIDDIE  VA
(804) 469-4540

Summons

To: AMAZON.COM SERVICES LLC          Case No. 053CL22000571-00
CORPORATION SERVICE COMPANY
100 SHOCKOE SLIP, 2ND FL
RICHMOND VA 23219

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Friday, October 07, 2022

Clerk of Court: JOHN B. CHAPPELL JR.

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:    CROWLEY, SCOTT G

Uploaded: 2022JUL26 10:08 Filed By:Bar# 31216 SCROWLEY Reference: EF-106587
E-Filed: 2022JUL26 DINWIDDIE CC DSNEAD at 2022JUL27 13:58 CL22000571-00

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF DINWIDDIE

PAULA M. HANKINS,

    Plaintiff,

v.                                  Case No.: CL22-571

AMAZON.COM SERVICES LLC
**SERVE:**      **Corporation Service Company**
               **100 Shockoe Slip, 2nd Floor**
               **Richmond, VA  23219**

    Defendant.

## COMPLAINT

The plaintiff Paula M. Hankins ("Hankins"), by counsel, submits this Complaint against the defendant Amazon.com Services LLC ("Amazon").

## INTRODUCTION

In this civil action, Hankins alleges that she was terminated from employment from Amazon in retaliation for reporting to her supervisor in good faith violations of state and federal law, in violation of Virginia Code § 40.1-27.3(A)(1). Hankins also alleges that her retaliatory termination violated Virginia public policy.

Hankins was employed as a paramedic in the safety department at the Amazon warehouse located in Dinwiddie County, Virginia. One June 2, 2021, she reported her supervisor, Warehouse Safety Manager Derek Bowie to Amazon Human Resources Business Partner Laini Marshall for Bowie's failing to maintain a record of an Amazon employee work-related injury, in violation of federal Occupational Safety and Health Administration ("OSHA") and Virginia Workers' Compensation statutes, and fraudulently advising injured employees to not make Workers' Compensation claims.

Thereafter, Bowie engaged in a series of actions intended to intimidate and single Hankins out for criticism when she had no prior performance or discipline issues. Further, Hankins was subject to scrutiny and oversight by a co-worker Kirsten Jackson, which also had never occurred before. On June 21, 2021, after recognizing that Amazon's Human Resource Department was not taking action to investigate her complaints, Hankins reported the fraud foregoing to Amazon's ethics hotline. This action cause more intense reactions of reprisals in the form of increased scrutiny of her work and false accusations of poor job performance. Amazon's Human Resources conducted an investigation of the false accusations against Hankins, and she was cleared of wrongdoing.

On July 29, 2021, Amazon terminated Hankins supposedly for processing a disability accommodation without medical documentation. Not only was this accusation false, but Hankins had also already been cleared of any wrongdoing concerning that accusation in the aforementioned HR investigation. Hankins appealed the wrongful termination, but on August 6, 2021, the termination was upheld.

Hankins now seeks legal recourse for violation of Virginia Code § 40.1-27.3(A)(1) and Virginia public policy.

## ALLEGATIONS

1. Hankins is an individual residing in Chesterfield County, Virginia.

2. Amazon is a limited liability company duly organized and existing in the Commonwealth of Virginia. It operates a warehouse, distribution fulfillment center located at 5000 Commerce Way, Petersburg, Virginia, in Dinwiddie County.

3. Amazon is an "employer" subject to the laws codified under Title 40 of the Virginia Code pertaining to the Virginia Department of Labor and Industry, as set forth in Code § 40.1-2.

2

4. Hankins commenced work with Amazon in February 2021 as a paramedic. She was paid $23.08 per hour plus fringe benefits.

5. Sometime in May 2021, a day that Hankins was off from work, an employee sustained significant burns on his hands when he was attempting to use work-related computer application on his cell phone. Warehouse Safety Manager Derek Bowie directed the Onsite Medical Representative Andy Coe to report the injury on the Amazon injury reporting system as nonwork-related since the employee was cooking his lunch. Hankins recognized that this was a misclassification since the injury resulted from the employee performing work in reading a work-related application on his phone.

6. More importantly, as the Safety Manager, Bowie had no authority under the pertinent state and federal regulations to interfere in the reporting of a significant injury due to a conflict of interest between his role and the mandated reporting of workplace injuries.

7. Hankins also learned that Bowie fraudulently told the injured employee that the injury was not work-related and therefore he could not submit a claim for workers' compensation or receive benefits. This act by Bowie constituted fraud under the Virginia Workers' Compensation Act.

8. By falsely deeming that the injury was not work-related, Bowie's action ensured that no investigation commenced and no video from the break room pulled to review the incident.

9. On June 2, 2021, Hankins reported this fraud and violation of state and federal law to the Amazon HR Business Partner Laini Marshall. As it was apparent to Hankins that Marshall was not familiar with injury reported requirements under OSHA and Virginia Workers' Compensation, Hankins provided Marshall with copies and explained that Bowie's actions comprised workers' compensation fraud.

3

10. OSHA Standard No. 1904.4 states as follows:

*Basic requirement.* Each employer required by this part to keep records of fatalities, injuries, and illnesses must record each fatality, injury and illness that:
    Is work-related; and
    Is a new case; and
    Meets one or more of the general recording criteria of § 1904.7 or the application to specific cases of §§ 1904.8 through 1904.12.

29 C.F.R. § 1904.4(a).

11. Hankins also pointed out to Marshall that the injury was not excused from recording under 29 C.F.R. § 1904.5(b)(2)(iv) as the injury was not "solely the result of an employee eating, drinking, or preparing food . . . ."

12. The Virginia Workers' Compensation Act further similarly provides: "Every employer shall keep a record of all injuries or deaths of its employees which occur in the course of employment." Code § 65.2-900(A). The same section mandates that reports of such injuries shall be reported to the Virginia Workers' Compensation Commission.

13. Code § 65.2-902 assesses civil penalties to any "employer . . . who refuses to make any report required by the Commission.

14. Code § 65.2-603 mandates" "As long as necessary after an accident, the employer shall furnish or cause to be furnished, free of charge to the injured employee, a physician chose by the injured employee from a panel of at least three physicians selected by the employer and such other necessary attention."

15. Following that report, Hankins was subjected to a series of false accusations of wrongdoing and poor performance by Bowie and workers acting under the direction of Bowie. These false accusations were intended to intimidate and harass Hankins in retribution for reporting Bowie's workers' compensation fraud to Amazon HR.

4

16. Prior to reporting such fraud, Hankins had never been subjected to poor performance evaluations or employee discipline.

17. Each time Bowie met Hankins to discuss supposed poor performance or levy false accusations of misconduct against her, Marshall attended the meetings, However, Marshall never responded to Hankins' many complaints of retaliation for whistleblowing.

18. On June 21, 2021, Hankins reported the retaliation to Amazon's ethics hotline. An investigation ensued to examine Hankins' claims of reprisal, which concluded that the accusations against her were indeed false.

19. Hankins presented Marshall with a listing of continued false accusations by superiors or co-workers during a meeting on July 28, 2021. Marshall indicated that she would do nothing to stop the complaints, stating that the co-workers had a right to file them.

20. The next day, July 29, 2021, Marshall informed Hankins that her employment was terminated, supposedly for processing a request for reasonable accommodation for an employee's disability with medical documentation. Hankins responded that the prior HR investigation determined that she had in fact uploaded the medical documentation to the employee's personnel file, which cleared her of wrongdoing. Marshall replied that she could not discuss the accusation because it was a third-party complaint to the ethics hotline.

21. Hankins appealed her termination, but it was upheld on August 6, 2021.

22. Hankins reported the retaliatory discharge to the ethics hotline on August 23, 2021. To date, however, no one from Amazon has contacted Hankins regarding the matter.

23. Virginia Code § 40.1-27.3(A)(1) prohibits retaliatory action against employees. Specifically, the law states in pertinent part:

> A. An employer shall not discharge, discipline, threaten, discriminate against, or penalize an employee, or take other retaliatory action regarding an employee's

5

compensation, terms, conditions, location, or privileges of employment, because the employee:

1. Or a person acting on behalf of the employee in good faith reports a violation of any federal or state law or regulation to a supervisor or to any government body or law-enforcement official.

24. The foregoing statute expressly prohibits retaliation against employees who report violations of federal or state laws or regulations to a supervisor, which Hankins did when she reported Bowie's workers' compensation fraud and OSHA violations to Marshall and the Amazon ethics hotline. The foregoing statute entitles an aggrieved employee to sue in civil court for lost pay and benefits, emotional harm and damage to her career, plus attorney's fees.

25. Amazon's termination of Hankins' employment violated Virginia public policy, which prohibits retaliation against employees who engage in the protected activity of reporting violations of federal or state laws regarding employee safety and health safeguards to managers.

<u>COUNT I</u>
VIOLATION OF VIRGINIA CODE § 40.1-27.3(A)(1)

26. By terminating Hankins from employment in retaliation for reporting to a supervisor in good faith violations of federal and state occupational safety and health laws and regulations and workers' compensation laws and regulations Amazon's duty to record workplace injuries and direct injured employees to file workers' compensation claims in order to obtain medical and lost wage benefits, as described herein, Amazon violated Virginia Code § 40.1-27.3.

27. Hankins is entitled to an award for (a) loss of past and future earnings, including fringe benefits; (b) humiliation, pain and suffering, emotional distress, and loss of personal and professional reputation; (c) injury to her future career; (d) punitive damages; (e) attorney's fees; and (f) costs of suit.

6

## COUNT II
## VIOLATION OF VIRGINIA PUBLIC POLICY

28. By terminating Hankins from employment in retaliation for reporting to a supervisor in good faith violations of federal and state occupational safety and health laws and regulations and workers' compensation laws and regulations Amazon's duty to record workplace injuries and direct injured employees to file workers' compensation claims in order to obtain medical and lost wage benefits, as described herein, Amazon violated the public policy of Virginia.

29. Hankins is entitled to an award for (a) loss of past and future earnings, including fringe benefits; (b) humiliation, pain and suffering, emotional distress, and loss of personal and professional reputation; (c) injury to her future career; (d) punitive damages; (e) attorney's fees; and (f) costs of suit.

WHEREFORE, the plaintiff Paula M. Hankins respectfully requests judgment against the defendant Amazon.com Services LLC for compensatory damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00); plus attorney's fees, costs of suit, and such other and further relief as this Court may deem just and proper.

**A JURY TRIAL IS DEMANDED PURSUANT TO RULE 3:21(b).**

Respectfully submitted,

PAULA M. HANKINS

By: /s/ Scott G. Crowley
                    Counsel

Scott Gregory Crowley (VSB # 31216)
Crowley & Crowley, P.C.
Overlook II Building
4870 Sadler Road, Suite 300
Glen Allen, VA 23060
Tel. (804) 205-5010
Fax (804) 800-4243
Email: scrowley@crowleyandcrowley.com
*Counsel for plaintiff Paula M. Hankins*

7